**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**OLGA SUMNER,**

    **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　　　　**Case No.:**

**THE WENDY'S COMPANY**
**d/b/a WENDY'S,**

    **Defendant.**

_____/

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant The Wendy's Company d/b/a Wendy's (hereinafter "Defendant"), by and through its undersigned attorney, hereby gives notice that the civil action currently pending in the Circuit Court for the Tenth Judicial Circuit, in and for Polk County, Florida, identified as *Olga Sumner v. The Wendy's Company d/b/a Wendy's.*, Case No. 23-CA-000587, is removed to this Court without waiving any rights to which Defendant may be entitled, and says:

Pursuant to 28 U.S.C. §1446(a), Middle District Local Rule 1.06(b), copies of all record documents, including all orders, pleadings, and process which have to date been served upon Defendant are attached as Exhibit A.

The Complaint in the above action was filed in the Circuit Court for the Tenth Judicial Circuit on or about February 7, 2023, and served on Defendant on March 7, 2023. In compliance with 28 U.S.C. §1446(b), this Notice of Removal is timely filed within thirty (30) days of Defendant ascertaining that this case is removable.

Plaintiff lives in and is a resident of Florida. *See* Ex. A, Complaint, ¶ 2. Upon information and belief, Plaintiff is domiciled in the State of Florida for purposes of this Court's diversity jurisdiction.

Defendant The Wendy's Company is incorporated in the State of Delaware with its principal place of business in Dublin, Ohio. Plaintiff was not employed by The Wendy's Company, but rather worked for Wendy's International, LLC ("Wendy's International").[1] Wendy's International is incorporated in Ohio and has its principal place of business in Dublin, Ohio. It is wholly owned by Wendy's Restaurants, LLC, which is a Delaware company that is wholly owned by The Wendy's Company, also incorporated in Delaware. As such, there is only one member of Wendy's International, LLC and that member is not based in Florida or a Florida resident. *See* Declaration of Melanie Trudell (attached hereto as Exhibit B). As such, neither the named Defendant or the proper Defendant are based in Florida nor a Florida resident.

---

[1] Defendant notified Plaintiff that she filed suit against the wrong corporate entity and anticipates that she will file an Amended Complaint to correct the error.

Therefore, at all relevant times herein, Plaintiff was domiciled in and a citizen of the State of Florida, and Defendant and Wendy's International were both a citizen of a state other than Florida. At the time of the filing of this action, and as of the date of this removal, there is complete diversity of citizenship between the named parties. Wendy's International is the proper defendant, but has not yet been named. Complete diversity also exists between Plaintiff and Wendy's International, which is the proper defendant.

The amount in controversy between Plaintiff and Defendant exceeds Seventy-Five Thousand Dollars ($75,000.00) exclusive of interests and costs.[2]  In determining the amount in controversy, a court is permitted "to make 'reasonable deductions, reasonable inference, or other reasonable extrapolations' from the pleadings." *Roe v. Michelin N. Am., Inc.,* 613 F.3d 1058, 1061-62 (11th Cir. 2010) (quoting *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010)). Courts may "use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *Id*. at 1062. The "removing defendant is not required to prove the amount in controversy beyond all reasonable doubt", but rather only by a preponderance of the evidence. *Pretka*,

---

[2] *See Jirau v. Wathen*, 2014 WL 3695388, at *2 (M.D. Fla.  July 24, 2014) ("If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal") (citing *Williams v. Best Buy* Co., 269 F.3d 1316, 1319 (11th Cir. 2001)).

608 F.3d at 752, 754. The defendant can provide an affidavit, declaration, or other documentation, *id.* At 755; it can also satisfy its burden by submitting evidence of damages from comparable cases. *See Schmidt v. Pantry, Inc.*, 2012 WL 1313490, at *3 (N.D. Fla. Mar. 6, 2012). Further, in examining this issue, the question is not whether the plaintiff *would actually* recover a specific amount of damages, but rather whether he *could* do so. *See Wineberger v. Racetrac Petroleum, Inc.,* 2015 WL 225760, *3 (M.D. Fla. Jan. 16, 2015) (emphasis added) (citing *McDaniel v. Fifth Third Bank*, 568 Fed Appx. 729, 731 (11th Cir. 2014)). "The appropriate measure is the litigation value of the case assuming that the allegations of the complaint are true and assuming a jury returns a verdict for the plaintiff on all claims made in the complaint." *Jackson v. Am. Bankers Ins. Co.*, 976 F.Supp.1450, 1454 (S.D. Ala. 1997) (citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994)). "[R]ecent Eleventh Circuit decisions promote a greater reliance on a court's judicial experience and common sense based on the evidence presented and the nature of the claims alleged in determining whether the jurisdictional threshold is reached." *Cowan v. Genesco, Inc.*, 2014 WL 3417656, at *4 (M.D. Fla. July 14, 2014).

In her suit, Plaintiff alleges a cause of action for retaliation in violation of the Florida Private Whistleblower Act, Fl. Stat. § 448.102 (the "Whistleblower Act"). The Whistleblower Act permits recovery for back pay, front pay, compensatory damages, and attorneys' fees.

Throughout her employment, Defendant employed Plaintiff as a Crew Member. Plaintiff was employed by Defendant from January 22, 2016, until her employment ended on December 2, 2022. At the time her employment ended, Plaintiff's hourly rate was $12.00 an hour and she worked an average of 15 hours per week (or approximately $180 per week). *See* Declaration of Melanie Trudell. Plaintiff's employment with Defendant ended on December 2, 2022. *See* Declaration of Melanie Trudell.

Courts in this Circuit have held that back pay damages are to be calculated based on the estimated date of trial. *See Gonzalez v. Honeywell Int'l, Inc.*, No. 8:16-cv-3359-T-30TGW, 2017 WL 164358, at *2 (M.D. Fla. Jan. 17, 2017) ("Courts in this Circuit have previously held that back pay may be calculated through the estimated date of trial."). Assuming the trial is scheduled in March 2024 (one-year from removal of this action), Plaintiff's potential backpay from Plaintiff's last day of work until the date of the trial is $12,240.00 (68 weeks at $180.00 per week).[3]

In addition, although Defendant denies Plaintiff is entitled to any relief whatsoever, Plaintiff's potential economic damages for front pay should be considered in determining the amount in controversy. *Id.* (holding the addition of

---

[3] Some courts in this District have calculated back pay at the time of removal instead at the time of anticipated trial. *See Bragg v. Suntrust Bank*, No. 8:16-cv-139-T-33TBM, 2016 WL 836692, at *2 (M.D. Fla. Mar. 4, 2016) ("[B]ack pay should be calculated only to the date of removal."), If this Court considers Plaintiff's back pay through the date of removal, the total is $2,880.00. Specifically, Plaintiff's employment ended 16 weeks prior to removal.

one year of front pay to the amount in controversy is reasonable where the plaintiff is presumptively entitled to recover front pay). In this case, Plaintiff's potential front pay is $9,360 (one year of 15 hours per week). *See Wineberger*, 2015 WL 225760 at *3 (accepting the removing defendant's calculation of one year front pay as a reasonable estimation of potential damages when determining amount in controversy); *Ambridge v. Wells Fargo Bank, N.A.*, 2014 WL 4471545, at *4 (M.D. Fla. Sept. 10, 2014) (finding that one year of front pay was a reasonable element of damages to consider as part of the amount in controversy).

Plaintiff is also seeking compensatory damages for emotional distress. *See* Ex. A, Complaint, p. 3, ¶ 22 (seeking relief due to "suffered emotional pain, mental anguish, embarrassment, anxiety, loss of dignity, and other non-pecuniary losses"). The Whistleblower Act allows for an award of compensatory damages. There is no statutory limitation on a compensatory damages award under the Whistleblower Act. *See* Fl. Stat. § 448.103. While Defendant does not believe that Plaintiff is entitled to such damages, the 11th Circuit has previously upheld an award of $150,000 for emotional distress in an employment case even though the Plaintiff did not have any medical testimony supporting any such damages. *See, e.g.*, M*unoz v. Oceanside Resorts, Inc.*, 223 F. 3d 1340 (11th Cir. 2000) (award of $150,000 in compensatory damages was reasonable even when Plaintiff did not provide any medical evidence corroborating any injury upholding jury verdict of $150,000 in emotional damages);

*Hill v. Xerox Corp.*, 998 F. Supp. 1378 (N.D. Fla. 1998) (upholding a jury verdict of $457,000 for emotional distress); *Chaudhry v. Adventist Health* 18 FJVR 6-28 (Fla. 9th Circ. 2018) (awarding $100,000 in compensatory damages under Florida Whistleblower Act). Even though Plaintiff has not identified the specific facts supporting this category of damages, it is nonetheless reasonable for this Court to deduce that, presently, Plaintiff's alleged damages for emotional pain, including anxiety, amount to at least $75,000.00 (which is half of the amount upheld by the 11th Circuit).

When a statute authorizes an award of attorney's fees, those fees are to be included in the amount in controversy when determining whether the $75,000 jurisdictional threshold in diversity cases has been met. *See Morrison v. Allstate Indemnity Co.*, 228 F.3d 1255, 1265 (11th Cir. 2000); *Brown v. Cunningham Lindsey U.S., Inc.,* 2005 WL 1126670, *4 (M.D. Fla. 2005). The Whistleblower Act authorizes an award for attorneys' fees.  Fl. Stat. § 448.104.  Thus, Plaintiff's claim for attorneys' fees must be considered in calculating the amount in controversy. Furthermore, a removing party may provide the Court with an estimate of a plaintiff's attorney's fees based on defense counsel's experience of the number of hours likely needed to litigate the case and an estimate of the plaintiff's attorney's hourly rate.  *Alshakanbeh v. Food Lion, LLC*, No. 3:06CV1094, 2007 WL 917354 (M.D. Fla. March 23, 2007); *see also Mirras v. Time Ins. Co.*, 578 F. Supp. 2d 1351,

1352-1353 (M.D. Fla. 2008). In this case, Defendant's counsel, who is an attorney with more than 20 years of experience in labor and employment law, conservatively estimates that, in her opinion, Plaintiff's attorney will seek to recover an attorney's fee of $250 per hour, and further estimates at least 250 hours over a period of 12 to 18 months will be spent by Plaintiff's counsel litigating this matter through trial. Therefore, it is reasonable to deduce that Plaintiff will incur at least $62,500, if not more, in attorney's fees.[4]

Based on the allegations in Plaintiff's Complaint and the nature of her claims under the Whistleblower Act, Defendant has shown that the value of Plaintiff's claim more likely than not exceeds the jurisdictional amount. Specifically, Plaintiff's potential damages under the Whistleblower Act are $159,100.00, summarized as follows:

| | |
|---|---|
| Back Pay | $12,240.00 |
| Front Pay | $9,360.00 |
| Emotional distress | $75,000.00 |
| Attorneys' Fees | $62,500.00 |
| **Total damages** | **$159,100.00[5]** |

Based on the totality of the circumstances, reasonable estimates, and common sense, the amount Plaintiff has placed in controversy exceeds $75,000.00.

---

[4] If this Court considers attorney's fees only as of the date of removal, a reasonable estimate based on experience and common sense is $1,800 (10 hours).

[5] If this Court only considers back pay and attorney's fees as of the date of removal, the amount in controversy still exceeds the threshold. Specifically, the total would be $89,040.

Because this Court has original jurisdiction over the State Court Action under 28 U.S.C. § 1332 and the requirements for diversity jurisdictions are met, this case is properly removable pursuant to 28 U.S.C. § 1441(a).

Pursuant to 28 U.S.C. § 1446(d), concurrent with the filing and service of this Notice of Removal, Defendant's Notice to Plaintiff of Removal has been served upon counsel for Plaintiff, Nicolette E. Tsambis, Esq., Smith, Feddeler and Smith, 832 S. Florida Ave., Lakeland, FL 33801.

Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal, along with Defendant's Notice of Removed Action, has been filed with the Clerk of the Circuit Court of the Tenth Judicial Circuit in and for Polk County, Florida.

WHEREFORE, Defendant requests this action currently pending in the Circuit Court for the Tenth Judicial Circuit in and for Polk County, Florida be removed to the United States District Court for the Middle District of Florida.

Respectfully submitted on this 27th day of March, 2023.

/s/Angelique Groza Lyons
Angelique Groza Lyons, FBN:  0118801
alyons@constangy.com
Justin O. Scott, FBN 1015628
jscott@constangy.com
CONSTANGY, BROOKS, SMITH &
PROPHETE, LLP
100 North Tampa Street, Suite 3350
Tampa, Florida  33602
(813) 223-7166 / Fax: (813) 223-2515
Service Email: tampa@constangy.com
Attorneys for Defendant The Wendy's Company

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on this 27th day of March 2023, I electronically

filed the foregoing using the CM/ECF System, which will send a notice of electronic

filing, along with a true and correct copy of the foregoing, via e-mail to:


Nicolette E. Tsambis
Smith Feddeler and Smith
832 S. Florida Ave.
Lakeland, FL 33801
ntsambis@all-injuries.com

/s/Angelique Groza Lyons
Attorney for Defendant
